[Cite as *LaTourette v. Ohio Dept. of Transp.*, 2010-Ohio-2187.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT A. LATOURETTE

    Plaintiff

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08772-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On October 19, 2009, at approximately 6:30 p.m., plaintiff, Robert A. LaTourette, was traveling north on Interstate 77 through a construction zone, "between the Wallings (and) Rockside/Seven Hills Road exits," when his 2003 Volkswagen Passat struck a raised manhole cover causing substantial suspension damage to the vehicle. Plaintiff related that this particular section of Interstate 77 has "many areas in the far left lane where there are man holes and built up pavement around the construction barriers." Plaintiff pointed out that the damage-causing manhole his car struck was elevated from the roadway surface and difficult to avoid due to the presence of construction barriers. Plaintiff asserted that the damage to his automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to correct a hazardous condition in a roadway construction area. Plaintiff filed this complaint seeking to recover $552.63, the cost of automotive repair and related expenses he incurred as a result of the October 19, 2009 incident. The filing fee was paid.

{¶ 2} Defendant acknowledged that the roadway area where plaintiff's property

damage incident occurred was located within the limits of a working construction project under the control of ODOT contractor Kokosing Construction Company, Inc. (Kokosing). Defendant explained that the construction project "dealt with grading, draining, planning and paving with asphalt concrete to thirteen (13) structures on I-77 between county milepost 1.89 and 8.46 or state mileposts 148.98 to 155.55 in Cuyahoga County." Defendant asserted that this particular construction project was under the control of Kokosing and consequently, ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Kokosing, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT reasoned Kokosing is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by conduct attributable to either ODOT or Kokosing or that the damage claimed was the result of negligent maintenance. All construction work performed within the project limits was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also, ODOT personnel maintained an onsite inspection presence throughout the construction project limits.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Kokosing had any knowledge "of the manhole cover on I-77" prior to plaintiff's described damage occurrence. Defendant stated that "records indicate that no calls or complaints were received at the Cuyahoga County Garage regarding the manhole cover in question," which ODOT located between state mileposts 151.9 to 155.48 on Interstate 77. Defendant's records (copies submitted) show that prior property damage complaints were received in reference to the general area where plaintiff's damage event occurred. However, these complaints involved construction debris damage and not manhole covers.

{¶ 6} Defendant submitted a copy of an e-mail from ODOT District 12 Construction Area Engineer, Jeffery A. Hebebrand, regarding his knowledge of problems with manhole covers on Interstate 77 within the construction area. Hebebrand referenced two prior claims involving motorists striking "manhole lids shifting from their respective frames." According to Hebebrand, ODOT subsequently directed Kokosing "to weld the lids shut while under traffic" and the welding was completed by August 2009. Hebebrand noted all manhole lids in the vicinity of plaintiff's incident "were welded closed." Furthermore, in a second e-mail Hebebrand wrote that "[a]ll of the manholes had asphalt transitions built-up around the frames per plan since traffic is

riding on the intermediate course and the manholes were installed at the final elevation (top of surface course)." Hebebrand indicated that work performed by Kokosing was done at the direction of ODOT "per plan."

{¶ 7} Defendant also supplied a copy of an e-mail from Kokosing Claims Specialist, Pamela LeBlanc, concerning manhole cover maintenance on the Interstate 77 construction area. LeBlanc noted that the manhole cover plaintiff's automobile struck along with other manhole covers in the area "are the resultant of ODOT's design."

{¶ 8} Plaintiff filed a response contending that he has offered evidence to prove his property damage was caused by a defective condition designed by ODOT and maintained by Kokosing. Plaintiff stated that the fact the manholes on Interstate 77 were "built up" pursuant to ODOT design should be sufficient to establish liability.

{¶ 9} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of ODOT's contractor prior to October 19, 2009. However, evidence has not shown defendant's contractor created a hazardous condition with the manhole cover considering the work was performed in accordance with ODOT specifications and design. Also, evidence has shown that plaintiff was aware of pavement conditions on Interstate 77 and was responsible for taking some driving precautions based on road conditions. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

{¶ 10} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances,

the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling pubic both under normal traffic conditions and during highway construction projects.  See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.  In the instant claim, plaintiff has failed to prove that defendant or its agents maintained a known hazardous roadway condition.  *Pinkney v. Dept. of Transp.*, Ct. of Cl. No. 2008-01707-AD, 2008-Ohio-5166.  Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT A. LATOURETTE

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

   Case No. 2009-08772-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                    _____
                                    MILES C. DURFEY
                                    Clerk

Entry cc:

| | |
|---|---|
| Robert A. LaTourette | Jolene M. Molitoris, Director |
| 2082 East Fourth Street | Department of Transportation |
| Apt. 305 | 1980 West Broad Street |
| Cleveland, Ohio 44115 | Columbus, Ohio 43223 |

RDK/laa
1/20
Filed 2/4/10
Sent to S.C. reporter 5/14/10